# Holland & Knight

10 St. James Avenue | Boston, MA 02116 | T 617 523.2700 | F 617.523 6850
Holland & Knight LLP | www.hklaw.com

November 13, 2014

David D. Hetzel
617 305-2014
david.hetzel@hklaw.com

**VIA ECF**

Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

    Re:    **Notice of Supplemental Authority**
              *Murphy v. DCI Biologicals, Inc., et al.*
              **Eleventh Circuit Case No. 14-10414**

Dear Sir or Madam:

    Pursuant to Fed. R. App. P. 28(j), I write on behalf of the Defendants-Appellees, DCI Biologicals Orlando, LLC, DCI Biologicals, Inc., and Medserv Biologicals, LLC (collectively, "DCI") to address supplemental authority recently issued by this Court in *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F. 3d 1110 (11th Cir. 2014).

    *Mais* reversed a district court's refusal to apply the Federal Communications Commission's definition of "express consent" in a Telephone Consumer Protection Act ("TCPA") case and ordered that judgment be entered in favor of the defendant. The reversed decision is relied upon by appellant Joseph Murphy ("Murphy"), whose appellate counsel also represented the plaintiff-appellee in *Mais*. Murphy's Opening Br. pp. 38-39; Murphy's Reply Br. 13-14 n.2. The case is also addressed in DCI's brief at pp. 8, 16, 29, and 30-32.

    In *Mais*, although the parties had hardly addressed the issue, this Court noted the importance of the FCC's 1992 definition of "express consent." *Mais*, 768 F.3d at 1117. It acknowledged that the FCC determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *Id.* at 1118. *Mais* also observed that the House Report on the TCPA states that a "called party has in essence requested the contact by providing the caller with their telephone number for use in normal business communications." *Id.*

The FCC's 1992 definition of the "express consent" was in effect during the time period at issue in this case (see DCI's Br. pp. 14, 33-34).  Thus, as the district court below correctly found, Murphy gave his "express content" for TCPA purposes by giving DCI his telephone number without providing any "instructions to the contrary."  Joint Appendix at 186.  Murphy's arguments in favor of reversal are inconsistent with the FCC's clear rule and this court's decision in *Mais*.  For these reasons, the decision below should be affirmed.

Respectfully submitted,

David G. Hetzel

## CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25(d)(1), I hereby certify that today, November 12, 2014, I caused the foregoing Notice of Supplemental Authority to be filed electronically with the Court.  As all counsel of record are registered with ECF, they shall be served by operation of the ECF system.

David G. Hetzel